UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JIM and DAVID DIERST,<br><br>                Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | CASE NO. C14-5935 BHS<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment (Dkt. 13). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby orders the parties to show cause for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 24, 2014, Plaintiffs Jim and David Dierst ("Diersts") filed a complaint against Wells Fargo in the Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp."). The Diersts assert one claim for unjust enrichment. *Id*.

On November 25, 2015, Wells Fargo removed the matter to this Court. Dkt. 1.

ORDER - 1

On April 23, 2015, Wells Fargo moved for summary judgment. Dkt. 13. On May 12, 2015, the Diersts responded. Dkt. 18. On May 15, 2015, Wells Fargo replied. Dkt. 19.

## II. FACTUAL BACKGROUND

The parties agree that the material facts in this case are almost entirely undisputed. For the purposes of this order, only a few facts are relevant. On June 25, 2013, Jim Dierst closed on a property transaction involving a home located at 3802 Spyglass Drive NE, Tacoma, WA. Under the assumption that Jim Dierst now owned the home, the Diersts allege that they "expended significant monies to improve the property . . . incur[ring] costs of over $45,000 and put[ting] in approximately 480 hours of labor." Comp., ¶ 32. After some litigation, a state court determined that the property legally belonged to Wells Fargo and that it was fraudulently conveyed to Jim Dierst. In this action, the Diersts seek to recover their improvements to the property under a theory of unjust enrichment. Specifically, the Diersts allege as follows: "Defendants will realize and appreciate the benefit conferred by Plaintiffs when Defendants foreclose on the Property and obtain a sales price significantly higher due to the value of Plaintiffs' improvements." *Id*., ¶ 41.

## III. DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to cases and controversies. Under Article III, courts use the doctrine of standing "to identify those disputes which are appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Whitmore v. Arkansas*,

495 U.S. 149, 155 (1990)).  To satisfy Article III standing, a plaintiff must demonstrate that

> (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

In this case, it appears that the Diersts' injury is completely conjectural and hypothetical.  Wells Fargo has not foreclosed on the property and has not received a "significantly higher" sales price.  Any price that Wells Fargo may receive is pure speculation.  The Diersts contend that they lack sufficient evidence to prove their claims, but this is because there is no current evidence to prove their hypothetical claim.  Any decision from this Court would be at least advisory and potentially irrelevant in the event that Wells Fargo fails to receive any benefit whatsoever from the Diersts' improvements.  Therefore, the Court orders the Diersts to show cause why this case should not be dismissed for lack of standing.

## IV. ORDER

Therefore, it is hereby **ORDERED** that any party may **SHOW CAUSE**, if any they have, why this case should not be **DISMISSED** for lack of standing.  Responses may be filed no later than June 26, 2015.  Failure to file a response or show good cause why a response could not be filed will result in **DISMISSAL**.

1    The Clerk shall renote Wells Fargo's motion for consideration on the Court's June 26, 2015 calendar.

Dated this 18th day of June, 2015.

BENJAMIN H. SETTLE
United States District Judge