UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JIM and DAVID DIERST,<br><br>                Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>                Defendant. | CASE NO. C14-5935 BHS<br><br>ORDER DISMISSING COMPLAINT |

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for summary judgment (Dkt. 13), the Court's order to show cause (Dkt. 20), and the parties' responses (Dkts. 22–24). The Court has considered the responses to the order to show cause and the remainder of the file and hereby dismisses the complaint for lack of standing.

**I. PROCEDURAL HISTORY**

On October 24, 2014, Plaintiffs Jim and David Dierst ("Diersts") filed a complaint against Wells Fargo in the Pierce County Superior Court for the State of Washington. Dkt. 1, Exh. A ("Comp."). The Diersts assert one claim for unjust enrichment. *Id*.

ORDER - 1

1   On November 25, 2015, Wells Fargo removed the matter to this Court.  Dkt. 1.

2   On April 23, 2015, Wells Fargo moved for summary judgment.  Dkt. 13.  On June
3   18, 2015, the Court ordered the parties to show cause, if any they had, why the Diersts'
4   complaint should not be dismissed for lack of standing.  Dkt. 20.  On June 26, 2015, the
5   parties responded.  Dkts. 22–24.

6   ## II. FACTUAL BACKGROUND

7   The parties agree that the material facts in this case are almost entirely undisputed.
8   For the purposes of this order, only a few facts are relevant.  On June 25, 2013, Jim
9   Dierst closed on a property transaction involving a home located at 3802 Spyglass Drive
10  NE, Tacoma, WA.  Under the assumption that Jim Dierst now owned the home, the
11  Diersts allege that they "expended significant monies to improve the property . . .
12  incur[ring] costs of over $45,000 and put[ting] in approximately 480 hours of labor."
13  Comp., ¶ 32.  After some litigation, a state court determined that the property legally
14  belonged to Wells Fargo and that it was fraudulently conveyed to Jim Dierst.  In this
15  action, the Diersts seek to recover their improvements to the property under a theory of
16  unjust enrichment.  Specifically, the Diersts allege as follows: "Defendants will realize
17  and appreciate the benefit conferred by Plaintiffs when Defendants foreclose on the
18  Property and obtain a sales price significantly higher due to the value of Plaintiffs'
19  improvements."  *Id*., ¶ 41.

20  ## III. DISCUSSION

21  Article III of the United States Constitution limits the jurisdiction of federal courts
22  to cases and controversies.  Under Article III, courts use the doctrine of standing "to

identify those disputes which are appropriately resolved through the judicial process." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). To satisfy Article III standing, a plaintiff must demonstrate that

> (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000).

In the order to show cause, the Court stated that "it appears that the Diersts' injury is completely conjectural and hypothetical." Dkt. 20 at 3. The Diersts provided two responses to the Court's concern. First, the Diersts assert that, regardless of whether the property has been sold, the property is currently worth more with the remodel than without the remodel. This assertion is still based on the hypothetical argument that Wells Fargo will obtain a greater sales price at some unidentified future sale. The injury is completely conjectural and hypothetical, and the Court is not persuaded otherwise.

Second, the Diersts argue that Wells Fargo is time-barred from asserting any right under the original note under the Washington statute of limitations. This argument has no merit on the issue of whether the Diersts have asserted an actual injury against Wells Fargo.

On the other hand, Wells Fargo argues that the Diersts lack standing and the Court should dismiss the complaint with prejudice. The Court agrees with Wells Fargo on the

ORDER - 3

1 former issue.  The Court, however, declines to dismiss the claims with prejudice because,

2 in doing so, the Court would be required to reach the merits of the Diersts' claim.

3 Therefore, the Court concludes that the Diersts lack standing because they fail to assert

4 an actual injury and the Court is without jurisdiction to consider their claim.

5 **IV. ORDER**

6 Therefore, it is hereby **ORDERED** that the Diersts' complaint is **DISMISSED**

7 **without prejudice** for lack of jurisdiction.  The Clerk shall close this case.

8 Dated this 29th day of June, 2015.

_____
BENJAMIN H. SETTLE
United States District Judge